UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION at LONDON

CIVIL ACTION NO. 07-238-KSF

JERRY LEWIS                                                                    PLAINTIFF

v.                                    **OPINION & ORDER**

MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL SECURITY                                DEFENDANT

\* \* \* \* \* \* \* \* \*

The plaintiff, Jerry Lewis, brought this action pursuant to 42 U.S.C. § 405(g) to obtain

judicial review of an administrative decision of the Commissioner of Social Security denying his

claim for Supplemental Security Income based on disability. The Court, having reviewed the record,

will affirm the Commissioner's decision, as it is supported by substantial evidence and decided by

the proper legal standards.

## I.    OVERVIEW OF THE PROCESS

In determining whether a claimant has a compensable disability under the Social Security

Act, the regulations provide a five-step sequential evaluation process which the administrative law

judge must follow. 20 C.F.R. § 404.1520(a)-(e); *see Walters v. Commissioner of Social Security*,

127 F.3d 525, 529 (6th Cir. 1997). The five steps, in summary, are as follows:

> (1)    If the claimant is currently engaged in substantial gainful activity, he is not
> disabled.
>
> (2)    If the claimant is not doing substantial gainful activity, his impairment must
> be severe before he can be found disabled.
>
> (3)    If the claimant is not doing substantial gainful activity and is suffering from

a severe impairment that has lasted or is expected to last for a continuous period of at least twelve months, and his impairment meets or equals a listed impairment, the claimant is presumed disabled without further inquiry.

(4)     If the claimant's impairment does not prevent him from doing past relevant work, he is not disabled.

(5)     Even if the claimant's impairment does prevent him from doing his past relevant work, if other work exists in the national economy that accommodates his residual functional capacity and vocational factors (age, education, skills, etc), he is not disabled.

*Id.*   The burden of proof is on the claimant throughout the first four steps of this process to prove that he is disabled.  *Bowen v. Yuckert*, 482 U.S. 137, 146, n. 5 (1987).  If the administrative law judge reaches the fifth step without a finding that the claimant is not disabled, then the burden shifts to the Commissioner to consider his residual functional capacity, age, education, and past work experience to determine if he could perform other work.  If not, he would be deemed disabled. 20 C.F.R. § 404.1520(f).  Importantly, the Commissioner only has the burden of proof on "the fifth step, proving that there is work available in the economy that the claimant can perform."  *Her v. Commissioner of Social Security*, 203 F.3d 388, 391 (6th Cir. 1999).

The decision of the Commissioner must be supported by substantial evidence.  *Varley v. Secretary of Health and Human Services*, 820 F.2d 777, 779 (6th Cir. 1987).  Once the decision of the Commissioner is final, an appeal may be taken to the United States District Court pursuant to 42 U.S.C. § 405(g).  Judicial review of the Commissioner's decision is restricted to determining whether it is supported by substantial evidence and was made pursuant to the proper legal standards. *See Cutlip v. Secretary of Health and Human Services*, 25 F.3d 284, 286 (6th Cir. 1994).  "Substantial evidence" is defined as "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Id.*  In

2

reviewing the decision of the Commissioner, courts are not to conduct a *de novo* review, resolve conflicts in the evidence, or make credibility determinations. *See id.* Rather, the court must affirm the Commissioner's decision so long as it is supported by substantial evidence, even if the court might have decided the case differently. *See Her*, 203 F.3d at 389-90. However, the court must review the record as a whole, and must take into account whatever in the record fairly detracts from its weight. *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984).

## II.    THE ADMINISTRATIVE DECISION

Lewis originally filed an application or SSI on July 24, 2003 alleging disability beginning on June 26, 2003. [TR 47]  This request was denied initially and on reconsideration February 14, 2005 at the hearing level. [TR 13]  The Appeals Council denied review of the decision but the United States District Court for the Eastern District of Kentucky remanded the case for further evaluation. [TR 375]  Lewis filed an additional application for SSI on May 17, 2005, alleging disability beginning February 15, 2005. [TR 597-599]  This claim was denied initially on August 30, 2005, and upon reconsideration on October 11, 2005.  Lewis filed a timely request for a hearing and the ALJ heard both the 2003 and the 2005 claims on December 4, 2006.  The ALJ issued his opinion denying both of Lewis' applications for SSI benefits on January 9, 2007. [TR 358]  At the time of the ALJ's decision, Lewis was 49 years old. [TR 366]  Lewis attended school through the eighth grade and has earned his General Equivalency Diploma and has previous work experience as a self-employed mechanic.  He claims that he became disabled on June 26, 2003, from back, shoulder, hip and knee pain and complications of colon surgery. [TR 310]

The ALJ began his analysis at step one of the sequential evaluation process by determining that Lewis was not engaged in any substantial gainful employment since the onset of his alleged

3

impairments.  At steps two and three, the ALJ determined that Lewis had severe impairments of low back pain due to degenerative disc disease of the lumbar spine, chronic neck and arm pain due to degenerative disc disease of the cervical spine, degenerative joint disease of the right knee, status-post colostomy due to a sigmoid colon perforation and right shoulder pain due to rotator cuff tendonitis but that none of these impairments meet or medically equal one of the listed impairments contained in 20 C.F.R. Part 404, Subpart P, Appendix 1.  [TR 364] At step four, the ALJ determined that Lewis' impairment prevents him from doing any past relevant work.

At the fifth and final step, relying on the testimony of the Vocational Expert and taking into consideration Lewis' age, educational background, past relevant work experience and residual functional capacity ("RFC"), the ALJ found that Lewis was capable of making a successful adjustment to work existing in significant numbers in the national economy and on this basis denied Lewis' claim for SSI. [TR 366] An RFC is the assessment of a claimant's maximum remaining capacity to perform work-related activities despite the physical and mental limitations caused by the claimant's disability.  20 C.F.R. § 404.154(a)(1), 416.945(a)(1).  In this case, the ALJ found that Lewis had an RFC to perform light and sedentary work that has a sit/stand option with no prolonged standing or walking in excess of 30-45 minutes without interruption and does not require working with his hands over his head.  The work must not have more than occasional pushing, pulling, reaching or grasping with his right arm/shoulder, no operation of foot pedals with the right leg, no kneeling, climbing of ropes, ladders or scaffolds, no more than occasional climbing of stairs or ramps and no more than occasional crouching or crawling. [TR 364]

The ALJ noted that under the Medical-Vocational Guidelines, if Lewis were capable of performing a full range of light work, a finding of "not disabled" would be mandated.  However,

4

because his ability to perform a full range of light work is limited by some exertional limitations, the ALJ relied on the testimony of the Vocational Expert who testified that given Lewis' age, education, past relevant work experience and RFC, Lewis maintains the capacity for light and sedentary levels. [TR 367] Consequently, the ALJ determined that Lewis was not disabled within the meaning of the Social Security Act. [TR 367]

The ALJ's decision that Lewis is not disabled became the final decision of the Commissioner when the Appeals Commission subsequently denied his request for review on July 3, 2007.   [TR 352]   This case is now ripe for review under 42 U.S.C. §§ 405(g), 1383(c)(3).

On appeal, Lewis argues that the ALJ's decision was not based on substantial evidence for several reasons.  First, Lewis argues that the ALJ erred in rejecting the opinion of Dr. James Templin after the district court remanded the case and that the ALJ did not follow the instructions of the remand, instructing the ALJ to further develop the medical evidence.  The court finds that the ALJ properly developed the medical evidence and substantial evidence supports  the decision to reject Dr. Templin's opinion.

Dr. Templin performed a one-time examination on February 3, 2004, and completed a work-related activities form finding that Lewis could only stand or walk for one and one-half hours and sit for four hours during an eight-hour workday. [TR 229]  Dr. Templin also found that Lewis could lift up to ten pounds from the floor and up to twenty pounds from waist level, but could not repetitively lift or carry the weight. [TR 229]  Further, Dr. Templin found that while Lewis could climb, balance, stoop, crouch, kneel and crawl, he could not perform up to one-third of an eight-hour workday and that Lewis should avoid pushing and pulling items up inclined areas or over rough and uneven terrain and should avoid pushing or pulling items weighing in excess of 50 pounds. [TR 230]

5

In addition to the records of Dr. Templin, the record consists of the following medical evidence: (1) treatment notes by Dr. Patrick Leung; (2) report from a one-time consultative examination performed by Dr. Mark Burns; (3) treatment notes by Dr. Mukut Sharma; and (4) notes of review by Dr. C. Hernandez, a state agency medical consultant.

On August 18, 2003, Dr. Leung found that Lewis had normal strength, bulk and tone and only mild weakness in his right hip and tenderness to palpatation along the lumbar spine and noted that Lewis was able to squat and heel, toe and tandem walk without problems.  [TR 265] Dr. Leung also completed a work-related activities form on September 26, 2003, and found that Lewis could occasionally lift less than ten pounds, stand and walk for two hours during an eight-hour workday and occasionally climb, balance, kneel, crouch and crawl. [TR 261-62]   Dr. Leung placed no limitation on the total hours that Lewis could sit as long as he was provided with a sit-stand option. [TR 262] Dr. Leung reviewed Lewis' MRI results and noted that they were unremarkable.   On October 7, 2003, Dr. Leung further noted that Lewis was walking one mile twice a day and had normal reflexes, gait and station. [TR 260] Dr. Leung evaluated Lewis again in April, 2004, finding that Lewis' upper and lower extremity pain was probably musculoskeletal in nature and found no evidence of radiculopathy or neuropathy. [TR 257] He also noted that Lewis could walk on his heels and toes and perform a deep knee bend. [TR 259]  Dr. Leung ordered an MRI scan of the lumbar back and EMG/NCV of both lower extremities. [TR 266] The MRI, performed on April 9, 2004, revealed mild dehydration of the L5-S1 disc space but no collapse or significant dissection. [TR 272]

On July 21, 2005, Lewis was evaluated by Dr. Burns who found that Lewis had normal extremities with normal muscle bulk and tone, no evidence of scoliosis, tenderness or spasms in the back and that Lewis had perfect motor strength. [TR 506] Dr. Burns found that Lewis had normal

6

range of motion in his cervical spine, lumbar spine, hips, ankles, elbows, wrists, fingers and left shoulder. [TR 508-509] Dr. Burns found one limitation - decreased range of motion in Lewis' right shoulder - but noted that his examination was within normal limits. [TR 507]

Lewis also visited Dr. Sharma on September 2, 2004, complaining of right shoulder pain with numbness and tingling in the right fourth and fifth fingers. [TR 306] The MRI ordered by Dr. Sharma revealed no evidence of a tear in the rotator cuff. [TR 308] After the MRI, Dr. Sharma's impression was that Lewis has frozen right shoulder and right cubital tunnel syndrome. [TR 309]

Dr. C. Hernandez, a state agency medical consultant, reviewed all of Lewis' medical records described above and concluded that Lewis could lift twenty pounds occasionally and ten pounds frequently, could stand, walk or sit for six hours in an eight-hour workday and could occasionally kneel, crouch and crawl but had some limitations on his ability to reach and handle objects. [TR 520-527]

While there are small variances in the opinions of the examiners, it is the duty of the ALJ to resolve these conflicts in evidence and assess the claimant's residual functional capacity. *See* 416.927(e), 416.946.  The ALJ must consider not only the medical opinions, but also the other evidence presented. *Id.*  The ALJ properly considered the other medical evidence in the record which was inconsistent with the findings of Dr. Templin.  Further, Dr. Templin was a one-time examiner and as such is not entitled to the deference given to the opinions of a "treating physician." *See Smith v. Commissioner of Social Security*, 482 F.3d 873, 876 (6th Cir. 2007) (the court held that two physicians who had each seen the claimant on just one occasion for treatment purposes were not "treating physicians").  Accordingly, in light of the inconsistencies between the medical opinions and the objective medical evidence in the record, the reduced deference to Dr. Templin's testimony as

7

a non-treating physician, the ALJ did not err in rejecting portions of Dr. Templin's opinions in favor of those of Dr. Burns and Dr. Leung and the analysis of Dr. Hernandez.

Second, Lewis argues that the ALJ erred in not including the restrictions listed by Dr. Templin in the hypothetical questions posed to the Vocational Expert. The ALJ properly posed two hypothetical questions to the Vocational Expert - one incorporating the restrictions listed by Dr. Templin and one incorporating the restrictions relevant to the RFC that the ALJ determined to be applicable. Since the RFC that the ALJ determined to be applicable is supported by substantial evidence, relying on the hypothetical question incorporating the restrictions in that RFC was proper and there was no need to rely on the other hypothetical in making his decision.

## III.   CONCLUSION

For the reasons set forth above, the Court, being fully and sufficiently advised, hereby ORDERS as follows:

(1)   the plaintiff's motion for summary judgment [DE #10] is DENIED;

(2)   the Commissioner's motion for summary judgment [DE # 11] is GRANTED;

(3)    the decision of the Commissioner is AFFIRMED pursuant to sentence 4 of 42 U.S.C. § 405(g) as it was supported by substantial evidence and decided by the proper legal standards; and

(4)   a judgment will be entered contemporaneously with this Opinion and Order.

This the 27th day of June, 2008.



**Signed By:**

***Karl S. Forester***  KSF

**United States Senior Judge**

8